**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JOEL JOHNSON, a single person,
*Plaintiff-Appellant*,

v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION, a foreign
corporation,
*Defendant-Appellee*.

No. 13-35596

D.C. No.
2:12-cv-01712-
TSZ

OPINION

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted
May 8, 2015—Seattle, Washington

Filed July 14, 2015

Before: J. Clifford Wallace, Andrew J. Kleinfeld,
and Ronald M. Gould, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Mortgages

The panel affirmed the district court's Fed. R. Civ. P. 12(b)(6) dismissal of a homeowner's claims for breach of contract and breach of fiduciary duty brought against the Federal Home Loan Mortgage Corporation ("Freddie Mac"), arising after the homeowner's home was foreclosed.

Freddie Mac had purchased the homeowner's mortgage from Taylor, Bean & Whitaker Mortgage Co., the loan originator. Taylor Bean, which had continued to service the loan after selling it to Freddie Mac, failed to pay the insurance premium from an escrow account and caused the homeowner's insurance to be cancelled.

The panel held that the homeowner failed to allege facts that would establish that Freddie Mac had a contractual duty to service the loan where Freddie Mac never agreed to assume the servicing obligations when it purchased the loan from Taylor Bean, the Deed of Trust provided that the obligations would remain with Taylor Bean, and Washington law did not prohibit the arrangement. The panel also held that Freddie Mac did not assume the fiduciary duty of an escrowee because under the Deed of Trust the duty to hold money for the insurance premiums in escrow remained with the loan servicer, Taylor Bean.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Joel B. Hanson (argued), Seattle, Washington, for Plaintiff-Appellant.

Steven K. Linkon (argued), Joshua S. Schaer, RCO LEGAL, P.S., Bellevue, Washington, for Defendant-Appellee.

## OPINION

Joel Johnson, a homeowner, appeals from a 12(b)(6) dismissal of his action against the Federal Home Loan Mortgage Corporation, doing business as Freddie Mac, for breach of contract and breach of fiduciary duty. Freddie Mac had purchased Johnson's mortgage from Taylor, Bean & Whitaker Mortgage Co. ("Taylor Bean"), the loan originator, on a secondary market. Taylor Bean, which had continued to service the loan after selling it to Freddie Mac, failed to pay the insurance premium from an escrow account and caused Johnson's insurance to be cancelled. The district court dismissed the complaint against Freddie Mac because it concluded that Freddie Mac did not assume any liability for Taylor Bean's conduct when it purchased the loan, and in the alternative, even if it did, the *Merrill* doctrine precludes liability. Because Johnson expressly agreed in the mortgage contract that a subsequent purchaser of the loan would not assume any servicing obligations, we affirm without addressing the applicability of the *Merrill* doctrine.

## FACTS

In 2008, Johnson refinanced his home loan with Taylor Bean, secured by a Deed of Trust. His contract, the Deed of

Trust, named Johnson as "Borrower" and Taylor Bean as "Lender." The contract required Johnson to have a homeowner's insurance policy, which he purchased from Safeco Insurance Co. The contract required him to pay the insurance premium to an escrow account, from which Taylor Bean would make the payments when they became due.

Section 20 of the Deed of Trust, "Sale of Note; Change of Loan Servicer; Notice of Grievance," provided that:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. . . . If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, *the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.* (Emphasis added.)

Shortly after originating the loan, Taylor Bean sold the note and the Deed of Trust to Freddie Mac. Freddie Mac contracted with Taylor Bean for Taylor Bean to continue to service the loan. In October 2008, a batch of checks from

Taylor Bean to Safeco bounced, and Johnson's insurance premium was not paid on time. Safeco cancelled Johnson's insurance due to this nonpayment. Taylor Bean eventually filed for bankruptcy, and Freddie Mac hired Central Loan Administration & Reporting to replace Taylor Bean as loan servicer.

In January 2009, Johnson's home was destroyed by an accidental fire. Safeco denied Johnson's insurance claim because the policy had been cancelled before the fire. Taylor Bean's lender-placed insurance policy with Mount Vernon Fire Insurance Co. had become effective when the coverage by Safeco was cancelled. The premiums were higher than those of the cancelled Safeco policy. Safeco and Mount Vernon eventually contributed to pay Johnson the insurance proceeds of $186,000.

Meanwhile, Johnson's monthly mortgage payments increased from $1,500 to $2,300 to cover the higher premiums, and Johnson's living expenses increased because his home had been destroyed. Beginning March 2010, Johnson failed to make his monthly payments on his note. Because Johnson was not current on his loan, he had to give the fire insurance proceeds to the loan servicer, Central Loan. In July 2011, Central Loan sent Johnson a letter accepting the insurance proceeds as a final satisfaction of the debt. Next month, Central Loan sent Johnson a notice of foreclosure. According to Johnson, the practical effect of Taylor Bean's failure to apply Johnson's monthly payments to Safeco was that he lost his home.

In September 2011, Johnson filed a complaint against Freddie Mac in Washington state superior court, alleging breach of contract and breach of fiduciary duty and other

related claims. Freddie Mac removed the case to the federal district court under 12 U.S.C. § 1452(f)(3), which allows a removal of an action against Freddie Mac "at any time before the trial." The district court granted Freddie Mac's motion to dismiss under Rule 12(b)(6). Johnson appeals.

## ANALYSIS

We review the 12(b)(6) dismissal de novo. *Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F.3d 1401, 1406 (9th Cir. 1996). Construing the complaint in the light most favorable to the plaintiff, we determine whether it alleges enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On appeal, Johnson challenges the district court's dismissal of the breach of contract and breach of fiduciary duty claims.

### A.  Breach of Contract

Johnson failed to allege facts that, if true, would establish that Freddie Mac had a contractual duty to service the loan. In his complaint, Johnson states that "Freddie Mac assumed all [Taylor Bean's] rights and obligations contained in the Deed of Trust" when it purchased the loan from Taylor Bean on the secondary market. But the Deed of Trust expressly disavows any assumption of servicing obligations by a subsequent purchaser of the loan, and Freddie Mac never

expressly assumed any such obligations. Although as a general rule we may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, we may consider extrinsic evidence not attached to the complaint if the document's authenticity is not contested and the plaintiff's complaint necessarily relies on it. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). We consider the Deed of Trust because its authenticity is not disputed and because Johnson's complaint necessarily relies upon it as the source of Freddie Mac's alleged duty to service Johnson's loan.

Though the complaint averred that "Freddie Mac assumed all [Taylor Bean's] rights and obligations contained in the Deed of Trust," this was a legal conclusion, not a fact, and was belied by Section 20 of the Deed of Trust. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, "we need not accept as true allegations contradicting documents that are referenced in the complaint." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

In Section 20 of the Deed of Trust, Johnson and Taylor Bean agreed that "[i]f the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer . . . and are *not assumed by the Note purchaser*" (emphasis added). Therefore, when Freddie Mac purchased Johnson's loan from Taylor Bean, the

servicing obligations remained with Taylor Bean and Freddie Mac did not assume them.

Johnson argued that under Washington law, which governs the contractual relationship in this case, an assignee assumes all of the assignor's obligations under a real estate mortgage, so upon purchasing the note, Freddie Mac necessarily assumed Taylor Bean's duty to pay the fire insurance premiums. He relies on *Paullus v. Fowler*, in which the Washington Supreme Court stated that "[a]n assignee of a contract stands in the shoes of his assignor." 367 P.2d 130, 135 (Wash. 1961). True, but under Washington law, "an assignee in an executory contract is not liable on the underlying obligations absent an express assumption of those obligations." *Lewis v. Boehm*, 947 P.2d 1265, 1270 (Wash. Ct. App. 1997). Another case that Johnson relies on, *Bain v. Metropolitan Mortgage Group, Inc.*, addresses only whether a contractually agreed-upon beneficiary of a mortgage can foreclose the mortgage without actually holding the note. 285 P.3d 34, 41–42 (Wash. 2012) (en banc). *Bain* does not bar splitting the loan servicing duties from the right to receive the payments on the note.

Freddie Mac never agreed to assume the servicing obligations when it purchased Johnson's loan from Taylor Bean, and Section 20 of the Deed of Trust provided that the obligations would remain with Taylor Bean. Washington law did not prohibit this arrangement. This arrangement is typical for such home loans. Freddie Mac buys the notes and security instruments, bundles them into securities, and sells the securities representing the market value of the secured home loans. It provides the money, not the day-to-day servicing tasks, for home mortgage financing. "Mortgages are only purchased from, and serviced by, approved

seller/servicers under the terms of contracts, the most important document of which is the *Sellers' & Servicers' Guide*, a two-volume looseleaf publication." *Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F.3d 1401, 1404 (9th Cir. 1996). Under the *Guide*, which "sets forth standards and requirements with which a seller/servicer must comply in order to sell mortgages to, and service mortgages for, Freddie Mac," *id.*, it is the seller, not Freddie Mac, who "must service all Mortgages that the [seller] has sold to Freddie Mac." 1 Freddie Mac Single Family/Single-Family Seller/Servicer Guide, § 1.2(a)-3.

## B. Breach of Fiduciary Duty

Johnson also argues that because the Deed of Trust required his monthly payments to be put in escrow to pay the fire insurance premiums and Freddie Mac bought the note and the Deed of Trust, it assumed the fiduciary duty of an escrowee. This argument fails as well because of Section 20 of the Deed of Trust. The duty to hold the money for the insurance premiums in escrow remained with the loan servicer, Taylor Bean.

## CONCLUSION

The district court correctly dismissed Johnson's breach of contract and breach of fiduciary duty claims under Rule 12(b)(6).

**AFFIRMED.**