**NOT FOR PUBLICATION**

FEB 19 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BRUCE MCMAHON, on behalf of himself; CHRISTOPHER BENGSTON, on behalf of himself; and all others similarly situated, | No. 14-55296 |
| | D.C. No. 5:13-cv-02032-VAP-SP |
| Plaintiffs - Appellants, | |
| | MEMORANDUM[*] |
| v. | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., and TAKE-TWO INTERACTIVE SOFTWARE, INC., DBA Rockstar, Erroneously Sued As Rockstar Games, Inc., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted February 4, 2016
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW and HURWITZ, Circuit Judges and RICE,[**] Chief District Judge.

Bruce McMahon and Christopher Bengston, two video game enthusiasts, appeal the Rule 12(b)(6) dismissal with prejudice of their putative class action against Take-Two Interactive Software, Inc. and Rockstar Games, Inc., companies that produce and distribute video games. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand to the district court to grant leave to McMahon and Bengston to file an amended complaint.

**1.** The district court correctly ruled that plaintiffs' allegations concerning their purchase of the video game Grand Theft Auto V (GTA V) sufficed to establish standing under California's unfair competition law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.*, and false advertising law (FAL), Cal. Bus. & Prof. Code §17500. Plaintiffs have standing under the UCL and FAL because they have sufficiently alleged economic injury caused by defendants' alleged misrepresentations. *See Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885 (Cal. 2011) (explaining that economic injury occurs when a plaintiff "surrender[s] in a transaction more, or acquire[s] in a transaction less, than he or she otherwise would have," absent the defendant's unfair practice). Specifically, plaintiffs allege that

_____

[**] The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

they would not have purchased GTA V at a "premium price" if defendants had not misrepresented the availability of Grand Theft Auto Online (GTA Online) on GTA V's packaging.

**2.** The district court also correctly determined that plaintiffs stated a claim for restitution under the UCL and the FAL. "A restitution order against a defendant [] requires both that money or property have been lost by a plaintiff, on the one hand, and that it have been acquired by a defendant, on the other." *Id.* at 895. Plaintiffs' allegation that they were induced to pay a premium price for a video game that did not perform as represented, coupled with their prayer for a refund of the "monies paid" for that video game, suffices to state a claim for restitution. *See id.*

**3.** The district court erred in concluding as a matter of law that the alleged misrepresentations on GTA V's packaging were not actionable under the UCL or the FAL. The UCL proscribes "unlawful, unfair or fraudulent" business practices, Cal. Bus. & Prof. Code § 17200, and the FAL prohibits the dissemination of any advertising "which is untrue or misleading," *id.* § 17500. To state a claim under either statute, plaintiffs must allege that "members of the public are likely to be deceived" by defendants' statements, *In re Tobacco II Cases,* 207 P.3d 20, 29 (Cal.

2009) (quotations marks and citation omitted), and that plaintiffs actually relied on those statements, *see id*. at 39.

On a motion to dismiss for failure to state a claim, a court must construe a complaint's allegations in the light most favorable to plaintiffs. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). Here, plaintiffs alleged that they read all the disclosures and statements on GTA V's packaging, and that these representations led them to believe that GTA Online would be available to play immediately upon purchase of GTA V. Contrary to these representations, GTA Online was not available immediately to any purchasers. The district court erred by failing to construe plaintiffs' allegations that these representations were misleading in the light most favorable to plaintiffs, and by making the finding that the representations were not misleading. *See Lilly v. ConAgra Foods, Inc.*, 743 F.3d 662, 665 (9th Cir. 2014) ("Whether a business practice is deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss]." (quotation marks and citation omitted)).

The district court did not address whether the complaint adequately alleged reliance on the alleged misrepresentations. We decline to reach this issue for the first time on appeal.

4

**4.** The district court abused its discretion by denying plaintiffs leave to amend their complaint. Leave to amend at least once is freely granted unless amendment would be futile. *United States v. Corinthian Colleges*, 655 F.3d 984, 995–96 (9th Cir. 2011).

We **REVERSE** and **REMAND** with instructions that the district court grant leave to plaintiffs to file an amended complaint.[1]

---

[1] Plaintiffs' request for judicial notice on appeal is **DENIED**.