BEA, Circuit Judge,
dissenting:
I dissent from the majority for two reasons. First, the Desktop Underwriter Findings Report (DU Findings Report) does not communicate information about the McCalmonts; it states only whether the loan the McCalmonts sought is eligible for purchase by the Federal National Mortgage Association (Fannie Mae).[1] Therefore, the DU Findings Report is not a “consumer report” under the Fair Credit Reporting Act (FCRA).[2] The majority disagrees, and holds that the facts alleged in the complaint raise a plausible inference that the DU Findings Report communicates information bearing on the McCal-monts’ “credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.” 15 U.S.C. § 1681a(d)(l). Mem. Dis-po. at 3-4. The majority’s reading of the statute converts every bank or lender that states that it will not make or purchase a loan to a broker or lender, and gives reasons for its decision, into a “consumer reporting agency” that may be liable directly to the borrower.[3]
Second, the complaint does not raise a plausible inference that Fannie Mae failed to “follow reasonable procedures to assure maximum possible accuracy” of the information concerning the McCalmonts. See 15 U.S.C. § 1681e(b). As the majority explains, the complaint alleges that none of the McCalmonts’ lenders reported that the McCalmonts had been through a foreclo *334 sure, that a previous short sale had been wrongly flagged by Fannie Mae as a foreclosure, and that the error was the result of the Desktop Underwriter system’s inability to distinguish between foreclosures and short sales. Mem. Dispo. at 4. Those allegations raise a plausible inference that Fannie Mae made a mistake when it identified the McCalmonts’ short sale as a foreclosure. However, those allegations do not raise a plausible inference that the mistake was the result of “unreasonable procedures” employed by Fannie Mae. In fact, there are no allegations in the complaint regarding what procedures Fannie Mae did or did not follow. The majority carries the plaintiffs burden to raise a plausible inference that Fannie Mae failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the McCalmonts by treating allegations of Fannie Mae’s mistake regarding the short sale as persuasive evidence of negligence. It thereby imports into the FCRA a res ipsa loquitur standard where no such standard exists. The complaint does not allege facts sufficient to raise a plausible inference that Fannie Mae failed to follow reasonable procedures to assure maximum possible accuracy of the DU Findings Report. Therefore, the judgment of the district court dismissing the McCalmonts’ complaint should be affirmed.

. This court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.” Johnson v. Fed. Home Loan Mortg. Corp., 793 F.3d 1005, 1007 (9th Cir. 2015). However, this court "need not accept as true allegations contradicting documents that are referenced in the complaint.” Id. at 1008 (quoting Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008)). Here, we may consider the McCalmonts’ DU Findings Report, which was referenced in and attached to the complaint. The DU Findings Report does not make any recommendation regarding whether the lender should or should not originate a loan, nor any evaluation regarding the McCalmonts’ creditworthiness.

. See 15 U.S.C. § 1681a(d) (defining "consumer report” as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer’s credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title” (emphasis added)).

.The majority dismisses this concern because a bank or lender "cannot meet the definition of a ‘consumer reporting agency’ unless such bank or lender 'regularly engages ... in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.’ ” Mem. Dispo. at 4, n.l. Of course, banks and lenders regularly engage in the practice of assembling or evaluating consumer credit information when they investigate loan applications sent them by brokers seeking financing for real estate sales. Under the majority’s reading of the FCRA, banks and lenders who assemble or evaluate consumer credit information "for the purpose of furnishing consumer reports to third parties,” (including, for example, brokers), become "consumer reporting agencies,” even when the information furnished by the banks and lenders concerns only a prospective loan for purchase.