**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   CC-16-1113-TaLN |
| | ) | |
| CHONGHEE JANE KIM, | ) | Bk. No.   2:13-bk-25661-BB |
| | ) | |
| Debtor. | ) | Adv. No.   2:16-ap-01032-BB |
| _____ | ) | |
| | ) | |
| CHONGHEE JANE KIM, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| EDWARD M. WOLKOWITZ, | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Submitted Without Oral Argument[**]
on January 19, 2017

Filed – February 15, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Chief Bankruptcy Judge, Presiding

_____

Appearances:   Appellant Chonghee Jane Kim, pro se, on brief;
Matthew Abbasi on brief for appellee.

_____

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   The Panel unanimously determined that the appeal was suitable for submission on the briefs and record pursuant to Rule 8019(b)(3).

Before: TAYLOR, LAFFERTY, and NOVACK,\*\*\* Bankruptcy Judges.

**INTRODUCTION**

Chapter 7[1] debtor Chongee Jane Kim appeals from the bankruptcy court's dismissal of her adversary proceeding. We VACATE the bankruptcy court's dismissal order and REMAND for further proceedings in light of our decision in Hooshim v. Wolkowitz (In re Kim), BAP No. CC-15-1273-TaKuF, 2016 WL 2654350 (9th Cir. BAP May 2, 2016) ("Mem. Dec.").

**FACTS[2]**

We are familiar with this case. In a related adversary proceeding appeal, we vacated the bankruptcy court's entry of default judgment in favor of chapter 7 Trustee Edward M. Wolkowitz. In the interest of brevity, we provide only the most relevant case history here.

**Background events.** Prepetition, a law firm sued Kim and obtained a six-figure judgment. Kim anticipated her legal defeat, however, and before entry of the adverse judgment transferred investment property in Sylmar, California (the

---

\*\*\* The Hon. Charles Novack, United States Bankruptcy Judge for the Northern District of California, sitting by designation.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding, the underlying bankruptcy case, and other related proceedings. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

2

"Property") to an LLC that she apparently controlled.  The LLC then executed two notes, one payable to Benjamin Hooshim and one payable to Alexandre Oh, and collateralized the notes with deeds of trust encumbering the Property.  Hooshim and Oh had previously loaned money to Kim, not the LLC, and they were unaware of and not involved in the LLC's execution and collateralization of these notes.

Eventually, the law firm discovered the Property transfer and brought a second state court action against Kim seeking to set it aside as fraudulent.  Kim apparently sensed her peril; she caused the LLC to reconvey title to the Property and promptly filed a chapter 7 petition.  This first bankruptcy case was dismissed after Kim failed to attend a continued § 341(a) meeting.

The law firm then moved on with its fraudulent conveyance action, but, mere days before it obtained entry of a default judgment, Kim filed a second chapter 7 petition.

**The Trustee administers the estate**.  The Trustee proceeded expeditiously; he eventually moved for authority to sell the Property under § 363(b), subject to overbid and **subject to** any existing liens (i.e., the Hooshim and Oh liens).  At auction, Kim emerged as the successful bidder, and the bankruptcy court confirmed the sale.  The Trustee then quitclaimed the Property to Kim; it left the estate encumbered by the Hooshim and Oh liens that secured obligations allegedly owed by the LLC, not Kim.  The sale order is final.

After this point, things get messy.

Seven months after he sold the Property to Kim, the Trustee

3

commenced an adversary proceeding against Hooshim and Oh (the "Hooshim-Oh Action") for: "avoidance of title transfer and lien transfers and recovery of the Property"; and "100% title to and possession of the Property free and clear of the liens". Notably, the adversary complaint did not request recovery as to the LLC notes secured by the Property. Eventually, the bankruptcy court granted the Trustee's motion for default judgment, in part. It denied the Trustee's request for recovery, title, and possession of the Property and left Kim as the Property's owner. But, it also concluded that the liens on the Property should be avoided as fraudulent transfers. And, even though the Trustee did not request relief as to the LLC notes, the bankruptcy court ruled that the Trustee, as the "holder in due course" of the LLC notes and LLC trust deeds, was "entitled to fully and completely enforce the terms of the assumed encumbrances."

The Trustee then hired a foreclosure firm, TD Foreclosure Services, Inc., to foreclose on the LLC notes and under the LLC trust deeds.[3] The foreclosures did not go smoothly, and even more litigation, albeit not directly relevant to the merits of this appeal, followed.

Kim eventually commenced her own adversary proceeding against the Trustee seeking to quiet title in herself and declaratory relief (the "Kim-Trustee Action"). She accurately

---

[3] In their briefs, both parties attempt to explain the Property's status; but neither provide the court with the relevant documents. We assume the parties' representations are accurate.

4

asserted that she bought the Property from the bankruptcy estate and that the Trustee provided her with a quitclaim deed. She also alleged that she bought the "full derivative authority" to negotiate with Hooshim and Oh. And she complained that, notwithstanding these facts, the Trustee brought suit against Hooshim and Oh and received default judgment. In addition to the catchall "any other proper relief," Kim's prayer for relief requested orders finding that: (1) she owned the Property; (2) she owned the right to negotiate with the Hooshim and Oh liens; (3) the Trustee had no ownership in the Property or the Hooshim and Oh liens after she bought the Property from the Trustee; and (4) any buyer at a foreclosure sale had no claim to title.

**Dismissal of the Kim–Trustee Action and this appeal**. In March 2016, the Trustee moved to dismiss the Kim–Trustee Action. He argued, as relevant here, that Kim lacked standing because she never had title to the avoided LLC liens and LLC notes. He contended that the bankruptcy court should dismiss the quiet title cause of action with prejudice because Kim had not offered or tendered monies to satisfy her alleged obligations under the trust deed.[4] He urged the bankruptcy court to dismiss the declaratory relief claim because it duplicated the quiet title claim.

Kim did not oppose the dismissal motion in writing, but she

---

[4] Again, the Trust Deeds secured notes payable by the LLC — not by Kim. She had an obligation to repay these debts, but it was neither evidenced by the notes nor secured by the trust deeds.

appeared at the hearing to request additional time for response; the bankruptcy court did not directly rule on this request. Trustee's counsel summarized the motion to dismiss: "Your Honor, the crux of our argument is that the sale of the three properties through a debtor, via a sale at court, did not include all liens that went with it. It wasn't -- there was never -- there was actually a finding that as a joinder of the fraudulent transfer claims with title were to be sold at that time." Hr'g Tr. (Apr. 12, 2016) 5:16-22. Turning to Kim, the bankruptcy court then stated:

> So, I've already adjudicated this. And so, I'm going to grant the motion to dismiss. . . . [W]hen you bought the property, you did not buy the fraudulent transfer claims. I've already adjudicated that. It's a question of interpreting my own orders.

Id. 6:23-7:3. The bankruptcy court acknowledged, however, that the judgment was appealed and subject to reversal:

> [S]o if the judgment is ultimately reversed on appeal, I suppose you could renew this. . . . There's no stay pending appeal, so I'm going to behave as if that's a final order, unless and until it's reversed.

Id. at 7:11-16. Two days later, the bankruptcy court entered an order granting the Trustee's motion and dismissing the adversary proceeding with prejudice. Kim timely appealed.

**Post-appeal events**. A few weeks later, we issued our decision in the first appeal; in short, we concluded that the Trustee lacked standing to bring the Hooshim-Oh Action as pled. We also held, among other things, that the bankruptcy court could not properly allow the Trustee any relief or recovery as to the LLC notes through a default judgment. See Mem. Dec. at 12; Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind

6

from or exceed in amount, what is demanded in the pleadings."); Fed. R. Bankr. P. 7054(a) (applying Civil Rule 54(c) in adversary proceedings). Accordingly, we vacated the default judgment. The Trustee has since appealed our decision to the Ninth Circuit.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether we should reverse the bankruptcy court's dismissal of an adversary complaint with prejudice because that dismissal was based on a now-vacated judgment.

## STANDARDS OF REVIEW

We review dismissal of an adversary proceeding under Civil Rule 12(b)(6) de novo. See Johnson v. Fed. Home Loan Mortg. Corp., 793 F.3d 1005, 1007 (9th Cir. 2015). A dismissal without leave to amend is reviewed for an abuse of discretion. Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

Kim is not a sympathetic pro se debtor: as we noted in the first appeal, we found no error in the bankruptcy court's finding

7

that Kim had actual intent to hinder, delay, or defraud at least one creditor when she transferred the Property to the LLC and then encumbered it.

But the Trustee's initial response was to sell the Property subject to the encumbering liens. In the first appeal, we determined that he, thus, lost standing to set aside the LLC liens on the Property. And we also, among other things, determined that neither his complaint as pled nor relevant law allowed him to enforce the LLC notes. We, thus, identified areas of error, but the Ninth Circuit will have the final word.

In this appeal, Kim now argues that we should reverse the bankruptcy court's dismissal of her adversary proceeding because the Panel, in the other appeal, vacated the bankruptcy court's earlier judgment. We acknowledge that she could not have asserted this argument before the bankruptcy court because our reversal followed dismissal of her action. But we also observe that Kim's requested relief throughout the Kim-Trustee Action has been a moving target. The majority of her complaint relates to allegations that the § 363 sale included the fraudulent conveyance claims for relief. In our previous decision, we agreed with the bankruptcy court that the § 363 sale did not include those claims to the extent they survived a sale. But then again, Kim also alleges in the complaint that she is the rightful owner of the Property and that any foreclosure would be improper; this argument is consistent with our decision in the first appeal.

The Trustee's appellate brief is troubling. The Trustee apparently misunderstands the potential pragmatic impact of our

8

previous decision.[5] We also acknowledge, however, that the Trustee properly relies, among other things, on arguments consistent with our determinations in the first appeal. There, the Panel: (1) "agree[d] with the bankruptcy court that the Trustee did not sell avoidance claims to Kim and that the quitclaim did not extinguish the claims"; and, again, (2) saw "no error in the bankruptcy court's determination that Kim caused the LLC to encumber the Property with the actual intent to hinder, delay, or defraud" the law firm. Mem. Dec. at 7, 9.

Were we writing on a clean slate, we might come to a different conclusion, but, given the Panel's previous decision, we conclude that we must vacate and remand. When the bankruptcy court dismissed the adversary proceeding, it relied on its previous decision — a decision we have since vacated. The bankruptcy court even acknowledged that its decision was under appeal and that Kim may be able to "renew" her adversary proceeding if the Panel reversed. The Panel did so.[6]

Accordingly, we vacate the order granting the motion to dismiss and remand for further consideration in light of the Panel's earlier decision and other changed circumstances in the case. We leave to the bankruptcy court's discretion whether to

[5] Further, some of his statements are flatly contradicted by the record. For example, he asserts: "[I]t is important to note that [our reversal in the first appeal] has been Appealed by Mr. Hooshim and Mr. Oh." Aple's Br. at 10. Actually, the Trustee appealed the Panel's decision.

[6] We also acknowledge that at some point the mootness doctrine may simplify matters. But we lack sufficient familiarity with the facts to make such a determination in this appeal.

9

stay the matter pending the Trustee's appeal of our earlier decision to the Ninth Circuit.

**CONCLUSION**

Based on the foregoing, we **VACATE** the judgment below and **REMAND** for further consideration in light of the Panel's decision in <u>Hooshim v. Wolkowitz (In re Kim)</u>.