**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH LANCE WHEELER, | No. 16-55595 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-03438-R-E |
| v. | |
| MICROBILT CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 5, 2017[**]
Pasadena, California

Before: MOTZ,[***] M. SMITH, and NGUYEN, Circuit Judges.

Joseph Wheeler appeals the district court's dismissal of his complaint alleging

claims under the Fair Credit Reporting Act and the California Consumer Credit

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Diana Gribbon Motz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Reporting Agencies Act. We review de novo, *Johnson v. Federal Home Loan Mortgage Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015), and affirm in part and reverse in part.

I.

Wheeler alleges that when he attempted to rent an apartment, the landlord purchased a consumer credit report from Defendant-Appellee MicroBilt Corp., a consumer reporting agency. The report stated that a civil judgment had been entered against Wheeler in connection with an eviction proceeding in Pennsylvania when, in fact, the judgment concerned another person. Swanson initially denied Wheeler's rental application, but after Wheeler successfully cleared his name, he was able to rent the property.

Wheeler then filed this action against MicroBilt, alleging violations of the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA"). The district court dismissed the complaint with prejudice, holding that Wheeler failed to allege any facts to suggest that he suffered actual damages from MicroBilt's erroneous report. The court reasoned that Wheeler "simply ma[d]e a conclusory allegation that . . . damages were suffered, without pleading any facts." Wheeler appeals.

II.

We first address Wheeler's claim for actual damages. "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under the heightened pleading standards of *Twombly* and *Iqbal*, a plaintiff must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," and plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."). Wheeler alleges that he suffered economic harm (loss of work time and denial of a rental opportunity) and reputational harm. Yet, as the district court recounts, Wheeler "not only fails to allege any facts supporting these conclusory allegations, but rather admits that he obtained the desired apartment, despite the initial confusion." Although a complaint need not contain "detailed factual allegations," a plaintiff must plead at least enough facts to put the defendant on notice of the claim against it. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Wheeler has not done so here.

Wheeler also alleges that he suffered embarrassment and humiliation as a result of Microbilt's conduct. He claims that he was "embarrassed and humiliated

3

by" the erroneous report, "given that [he] has never been evicted from an apartment." These allegations are insufficient to survive a motion to dismiss. While a plaintiff need not provide "objective evidence of emotional distress," *Grigoryan v. Experian Information Solutions, Inc.*, 84 F. Supp. 3d 1044, 1086 (C.D. Cal. 2014), Wheeler's allegations rest on mere conclusions for which he provided no support. We therefore affirm the district court's dismissal of Wheeler's claim for actual damages.

III.

Next, we turn to Wheeler's claims for statutory damages and punitive damages. Under the FCRA, statutory damages and punitive damages may be awarded for a willful violation even when a plaintiff does not show any actual damages. 15 U.S.C. § 1681n(a); *see Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017). The CCRAA allows for the recovery of punitive damages for a willful violation. Cal. Civ. Code § 1785.31.

Wheeler seeks statutory and punitive damages based on his allegations that MicroBilt willfully violated the FCRA and the CCRAA. The district court did not address these damages claims in its order dismissing Wheeler's Second Amended Complaint with prejudice. We therefore reverse and remand to the district court to permit Wheeler the opportunity to amend his complaint to state with sufficient specificity his claims for statutory and punitive damages for a willful violation of the FCRA and the CCRAA.

4

Accordingly, the judgment of the district court dismissing Wheeler's complaint is

**AFFIRMED in part REVERSED in part and REMANDED.**