NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUTH ANN WUNDERMAN COOPER, as assignees, and on behalf of the members of the class of investor/member investors of QHL Holdings Fund Ten LLC, a California Limited Liability Company, and Golden State TD Investments, LLC a California Limited Liability Company and MARC SOBEL, as assignees, and on behalf of the members of the class of investor/member investors of QHL Holdings Fund Ten LLC, a California Limited Liability Company, and Golden State TD Investments, LLC a California Limited Liability Company, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Subscribing to Syndicate Nos. 623 and 2623 Under Contract No. W15HUJ07PNDM, <br><br> Defendant-Appellee. | No. 15-56671 <br><br> D.C. No. 2:14-cv-07475-FMO-MAN <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted February 15, 2018
Pasadena, California

─────────────

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  McKEOWN and WARDLAW, Circuit Judges, and DONATO,[**] District Judge.

Ruth Ann Wunderman Cooper and Marc Sobel appeal from the district court's dismissal of their first amended complaint with prejudice.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiffs are assignees to rights in an excess insurance policy issued by defendants, Certain Underwriters at Lloyd's, London ("Underwriters").  Plaintiffs sought to recover on the excess policy and sued Underwriters for breach of contract and breach of the implied covenant of good faith and fair dealing.  Plaintiffs also sought a declaratory judgment that California law applied to their claims despite a New York choice of law provision in the excess policy.

Underwriters moved to dismiss the first amended complaint.  The district court found that the choice of law provision was enforceable, the excess policy unambiguously required exhaustion of underlying limits through payment by the insurers rather than payment by the insured, and settlement agreements attached to plaintiffs' complaint clearly stated that an underlying insurer had not paid the full limits of its policy.  The district court concluded that Underwriters could not be found liable on any of plaintiffs' theories because excess coverage had never been triggered under the terms of the policy, and dismissed with prejudice.

---

[**] The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

2

The district court correctly enforced the New York choice of law provision in the policy. California choice of law considers an international defendant's geographic proximity to the chosen state. *1-800-Got Junk? LLC v. Superior Court*, 189 Cal. App. 4th 500, 515 (Cal. Ct. App. 2010), as modified (Nov. 19, 2010). New York is relatively close to London (headquarters of Underwriters) and is next to Connecticut (headquarters of Underwriters' United States agent). In addition, international defendants have an interest in contracting under the laws of a state -- even one not substantially related to the contract -- for reasons of uniformity and predictability. Restatement (Second) of Conflict of Laws § 187 (1971).

Plaintiffs have not shown that New York law is contrary to a fundamental California policy. Plaintiffs do not identify any material differences between New York and California in interpreting the disputed insurance policy, and the result is the same under the laws of both states. The excess policy unambiguously requires exhaustion of underlying policy limits "by reason of the payment . . . by the insurers of the Underlying Policies." This forecloses the possibility of exhaustion through payment by parties other than the underlying insurers. *Qualcomm, Inc. v. Certain Underwriters At Lloyd's, London*, 161 Cal. App. 4th 184, 194-95 (Cal. Ct. App. 2008); *Forest Labs., Inc. v. Arch Ins. Co.*, 953 N.Y.S.2d 460, 463-65 (N.Y. Sup. Ct. 2012), aff'd, 984 N.Y.S.2d 361 (N.Y. App. Div. 2014). A settlement agreement attached to the first amended complaint expressly states that an

3

underlying insurer paid only $3.47 million out of a $5 million policy limit. Plaintiffs' allegations of exhaustion contradict the settlement agreement and are properly disregarded. *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015).

Contrary to plaintiffs' argument, *Diamond Heights Homeowners Ass'n. v. National American Insurance Co.*, 227 Cal. App. 3d 563, 580 (Cal. Ct. App. 1991), does not override the exhaustion requirements stated in a policy. Rather, it addresses the entirely different question of "whether excess insurers have an absolute right to veto a settlement under a policy's 'no action' and 'no voluntary payments' clauses." *Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 851 F.3d 976, 982 (9th Cir. 2017).

Under either New York or California law, excess coverage has not been triggered and Underwriters are not subject to liability. Because this conclusion is based on undisputed facts in the record before the district court, amendment would have been futile and dismissal with prejudice was proper.

**AFFIRMED.**