NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUCE MCMAHON, on behalf of himself; and CHRISTOPHER BENGSTON, on behalf of himself; and all others similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> TAKE-TWO INTERACTIVE SOFTWARE, INC. and TAKE-TWO INTERACTIVE SOFTWARE, INC., DBA Rockstar, Erroneously Sued As Rockstar Games, Inc., <br><br> Defendants - Appellees. | No.  17-56143 <br><br> D.C. No. 5:13-cv-02032-VAP-SP <br><br> MEMORANDUM* |

Appeal from the United States District Court
For the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted December 5, 2018**
Pasadena, California

Before:  TASHIMA and WARDLAW, Circuit Judges, and PRATT,*** District

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

Judge.

Bruce McMahon and Christopher Bengston appeal for the second time the Federal Rule of Civil Procedure 12(b)(6) dismissal of their putative class action against Take-Two Interactive Software, Inc. and Rockstar. McMahon and Bengston allege violations of California law relating to misrepresentations about access to Grand Theft Auto (GTA) Online on the packaging of the video game GTA V. We have jurisdiction under 28 U.S.C. § 1291, and review a district court's Rule 12(b)(6) dismissal of a complaint de novo. *Johnson v. Fed Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015). We affirm.

The district court correctly ruled that McMahon and Bengston had not plausibly alleged detrimental reliance on GTA V's packaging. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To bring a claim under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq*., and False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500 *et seq*., a plaintiff must show that they lost money or property "as a result of" the alleged misrepresentation. *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885–88 (Cal. 2011). "[T]he plaintiff 'in all reasonable probability' would not have engaged in the injury-producing conduct" but for the alleged misrepresentation. *In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009) (quoting *Mirkin v. Wasserman*, 858 P.2d 568, 586 (Cal. 1993) (Kennard, J., concurring in part, dissenting in part)).

McMahon and Bengston allege they would not have purchased GTA V had they known GTA Online would launch two weeks later and instead would have waited for a new video game console. Yet they also allege they purchased GTA V on its release day knowing the consoles were coming. Even when taken in the light most favorable to McMahon and Bengston, they have plausibly alleged only that they would have waited two weeks but still purchased the game. As the game's price remained the same over this time, and GTA V did grant access to GTA Online two weeks later, any reliance did not cause McMahon and Bengston the economic harm required to bring suit under the UCL and FAL.[1]

We affirm dismissal of the express warranty claim, Cal. Com. Code § 2313, as the statement "Featuring GTA Online" did not specifically and unequivocally promise, or provide an explicit guarantee of, immediate access to GTA Online.[2] *See Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997) (citing

---

[1] We previously found standing on the theory that McMahon and Bengston would have waited two weeks to purchase GTA V for a lower price. *McMahon v. Take-Two Interactive, Inc.*, 640 F. App'x 669, 671 (9th Cir. 2016). The price of GTA V did not change in that time, and Plaintiffs no longer press this theory.

[2] The district court dismissed the express warranty claim for lack of reasonable reliance. We do not reach this issue, but we note a split of authority on it. *Compare Williams v. Beechnut Nutrition Corp.*, 229 Cal. Rptr. 605, 608 (Ct. App. 1986) (citing *Burr v. Sherwin Williams Co.*, 268 P.2d 1041 (Cal. 1954)) (noting that reasonable reliance is required) *with Weinstat v. Dentsply Int'l Inc.*, 103 Cal. Rptr. 3d 614, 625 (Ct. App. 2010) (explaining reasonable reliance is not required but not discussing *Beechnut*).

3

*Keith v. Buchanan*, 220 Cal. Rptr. 392, 397 (Ct. App. 1985)). For the same reason, we affirm dismissal of the implied warranty claim that goods conform to "promises or affirmations" on product packaging. *See* Cal. Com. Code § 2314(2)(f).

We further conclude the district court did not err in dismissing the implied warranty claim that goods be fit for their ordinary purpose. *See* Cal. Com. Code § 2314(2)(c). GTA V worked properly and granted access to GTA Online when the latter launched, and so did not "lack[] 'even the most basic degree of fitness for ordinary use.'" *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (quoting *Mocek v. Alfa Leisure, Inc.*, 7 Cal. Rptr. 3d 546, 549 (Ct. App. 2003)).

Finally, we affirm the dismissal of McMahon and Bengston's claim for implied warranty of fitness for a particular purpose, Cal. Com. Code § 2315, because they alleged no facts as to why their "particular purpose" differed from the ordinary purpose for which goods are used, namely to play video games for entertainment. *See Mills v. Forestex Co.*, 134 Cal. Rptr. 2d 273, 282 n.4 (Ct. App. 2003) (citing *Am. Suzuki Motor Corp. v. Superior Court*, 44 Cal. Rptr. 2d 526, 528 n.2 (Ct. App. 1995)). As the state law warranty claims were properly dismissed, the Song-Beverly Act claim premised on those underlying state warranty claims was properly dismissed as well. Cal. Civ. Code § 1790.

Accordingly, the district court's order dismissing the Second Amended Complaint with prejudice is **AFFIRMED**.